TRAVIS S LAYNE
Name

1001 S SETH CHILD

MANHATTAN, KS 66502
Address

FILED
MAY 19 2025
Clerk, U.S. District Court
By: ________ Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

THOMAS QUINN, ET AL., Plantiff
*(Full Name)*

v.

R.C.P.D., ET AL., Defendant (s)
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

CASE NO. 25-3097-JWL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

A. JURISDICTION

1) SEE ATTACHED, is a citizen of KANSAS
*(Plaintiff)* *(State)*

who presently resides at RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.
*(Mailing address or place of confinement.)*

2) Defendant RILEY COUNTY POLICE DEPT. (R.C.P.D.) is a citizen of
*(Name of first defendant)*

MANHATTAN, KANSAS, and is employed as
*(City, State)*

N/A. At the time the
*(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

ALL CLAIMS ALLEGED WERE COMMITTED IN THE NAME OF THE RILEY COUNTY POLICE DEPARTMENT.

3) Defendant MARK FRENCH is a citizen of
(Name of second defendant)

KANSAS, and is employed as
(City, state)

RILEY COUNTY JAIL COMMANDER. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ] . If your answer is "Yes", briefly explain:
MARK FRENCH COMMITTED THE CLAIMS ALLEGED WHEN HE SENT PLAINTIFF LAYNE TO DISCIPLINARY HOUSING ON FALSE CLAIMS. AND DENIED DISCIPLINARY HEARING, AND WHEN HE CONFISCATED PRIVILEGED LEGAL MAIL, IN EFFORTS TO STOP THE MOVEMENT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES. RETALIATION LISTED UNDER DEFENDANT MAKAYLA HARRIS AS WELL.
(Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

## B. NATURE OF THE CASE

1) Briefly state the background of your case:
PLAINTIFFS ALLEGE THAT DEFENDANTS VIOLATED THE U.S. CONSTITUTION WHEN THEY ATTEMPTED TO USE THEIR AUTHORITY TO COERCE PLAINTIFF LAYNE, THE PRIMARY DRIVING FORCE, TO CEASE AND DESIST IN ACTIONS OF PETITIONING THE GOVERNMENT BY:

- INTENTIONALLY ACCUSING HIM OF FALSE DISCIPLINARY VIOLATIONS SO AS TO SEPARATE HIM FROM THE OTHER PLAINTIFFS
- OUTRIGHT NOTIFYING HIM THAT ANY FURTHER CIVIL RIGHTS WORK RESULT IN HIM BEING PLACED IN ADMINISTRATIVE SEGREGATION

DEFENDANTS FRENCH AND SPENCER VIOLATED CONSTITUTION BY CONFISCATING PRIVILEGED OUTGOING LEGAL MAIL, CONDUCTING MORE "WALK THROUGHS" IN ATTEMPTS TO INTIMIDATE, AND REFUSING TO PROVIDE CIVIL RIGHTS AND HABEAS CORPUS FORMS.
DEFENDANTS FRENCH AND HARRIS VIOLATED CONSTITUTION BY FORCING PLAINTIFF LAYNE TO DEFEND HIMSELF PRO SE WHILE SHACKLED.

C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: VIOLATION OF THE FIRST AMENDMENT RIGHT "TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES."

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

FRENCH AND SPENCER CONFISCATED MAIL (FORCE/RESTRAINT) AND THREATENED ADMINISTRATIVE SEGREGATION (THREAT OF FURTHER RESTRAINT/COMPULSION/INFLUENCE) TO COERCE PLAINTIFFS INTO NO LONGER ASSERTING THEIR CONSTITUTIONAL RIGHTS VIA SECTION 1983 OF THE UNITED STATES CODE.

FRENCH AND DEEHR CONFINED LAYNE IN DISCIPLINARY HOUSING ON TRUMPED UP CHARGES OF MISCONDUCT TO COERCE PLAINTIFFS TO CEASE AND DESIST.

B) (1) Count II: VIOLATION OF THE FOURTH AMENDMENT RIGHT "TO BE SECURE IN THEIR PERSONS, AND PAPERS, AGAINST UNREASONABLE SIEZURES."

(2) Supporting Facts: MARK FRENCH AND JASON DEEHR SIEZED LAYNE AND HIS PROPERTY WITHOUT PROBABLE CAUSE.

MARK FRENCH AND JOSH SPENCER SIEZED PRIVILEGED LEGAL MAIL OF ALL DEFENDANTS ON 04/ /25 WITHOUT PROBABLE CAUSE. THREATENED LAYNE WITH SIEZURE OF HIS PERSON IF HE CONTINUED TO HELP FELLOW INMATES ASSERT THEIR CONSTITUTIONAL RIGHTS.

C) (1) Count III: VIOLATIONS OF FIFTH AND FOURTEENTH RIGHT TO NOT "BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW" AND "EQUAL PROTECTIONS OF THE LAW."

(2) Supporting Facts: LAYNE WAS DEPRIVED OF LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW WHEN DENIED A DISCIPLINARY HEARING. – FRENCH AND DEEHR

ALL PLAINTIFFS WERE DEPRIVED OF LIBERTY AND/OR PROPERTY WITHOUT DUE PROCESS WHEN THEIR PRIVILEGED LEGAL MAIL WAS CONFISCATED. – FRENCH AND SPENCER

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: THOMAS QUINN, DANIEL LOGSDON, DAMERIUS MCGEE, TRAVIS LAYNE, JAMES WATKINS, ALONZO LAX, JR.

Defendants: STATE OF KANSAS, JEREMY LARCHICK, JOHN MCNISH, GRANT BANNISTER, KENDRA LEWISON, DAVID LOWDEN, JOHN GRIFFIN, CHRISTINA TROCHECK, MICHAEL BLACKBURN, AND TRINITY MUTH

b) Name of court and docket number U.S. DISTRICT COURT 5:25-CV-03085-JWL

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) STILL PENDING

d) Issues raised VIOLATIONS OF IV, V, VI, VIII, AND XIV AMENDMENTS RELATING TO IDENTICAL ISSUES IN THE PROSECUTIONS OF ALL PLAINTIFFS.

e) Approximate date of filing lawsuit 05/02/25

f) Approximate date of disposition STILL PENDING

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

LAYNE PLEAD NOT GUILTY TO ALL ACCUSSATIONS AND REQUESTED A DISCIPLINARY HEARING. HEARING WAS DENIED HIM AND "FINDINGS" GIVEN. HE GRIEVED LT. DEEHR AND MR. FRENCH. NO CHANGE.

FRENCH AND SPENCER INITIATED A MEETING WITH LAYNE IN REGARDS TO CONFISCATION OF PRIVILEGED LEGAL MAIL AND THREATENED RETALIATION.

QUINN GRIEVED CONFISCATION OF MAIL AND NO ACKNOWLEDGMENT.

2) REQUEST FOR RELIEF

- PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER.

1) I believe that I am entitled to the following relief:

- DECLARATORY RELIEF / JUDGMENT EXPLICITLY STATING THE RIGHTS OF INMATES TO SEND PRIVILEGED LEGAL MAIL, WHAT CONSTITUTES PRIVILEGED LEGAL MAIL, AND ANY OTHER INFORMATION THE COURT DEEMS RELEVANT TO THE ISSUE.
- DECLARATORY JUDGMENT EXPLAINING JAILS RESPONSIBILITY TO PROVIDE FORMS NECESSARY TO FILE APPEALS, CIVIL RIGHTS VIOLATIONS, AND HABEAS CORPUS PETITIONS
- DIGITAL OR HARDCOPY ACCESS TO REPORTS OF RULES ADOPTED BY THE SUPREME COURT OF THE STATE OF KANSAS. (PUBLISHED ANNUALLY)
- TERMINATION OF EMPLOYMENT OF MARK FRENCH, JOSH SPENCER, JASON DEEHR, AND MAKAYLA HARRIS.

Signature of Attorney (if any)

Thomas Quinn
Signature of Plaintiff

Daniel Layne

Demoryius McGee

[illegible signature]

Jamas K Watkins

[illegible signature] Jr.

(Attorney's full address and telephone number)

A. JURISDICTION

1) THOMAS QUINN, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

DANIEL LOGSDON, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

DAMERIUS MCGEE, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

TRAVIS LAYNE, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

JAMES WATKINS, IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

ALONZO LAX, JR., IS A CITIZEN OF KANSAS WHO PRESENTLY RESIDES AT RILEY COUNTY JAIL, 1001 S SETH CHILD, MANHATTAN, KS 66502.

3) DEFENDANT JOSH SPENCER IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY JAIL LIEUTENANT.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

JOSH SPENCER COMMITTED THE CLAIMS ALLEGED WHEN HE PARTICIPATED IN THE SIEZURE OF OUTGOING PRIVILEGED LEGAL MAIL IN AN ATTEMPT TO STOP PLAINTIFFS FROM PETITIONING THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THREATENED PLAINTIFF LAYNE WITH ADMINISTRATIVE SEGREGATION IF HE DID NOT STOP THE MOVEMENT.

DEFENDANT JASON DEEHR IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY JAIL LIEUTENANT.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

JASON DEEHR COMMITTED THE CLAIMS ALLEGED WHEN HE SENT PLAINTIFF LAYNE TO DISCIPLINARY HOUSING ON FALSE CLAIMS IN AN EFFORT TO STOP THE MOVEMENT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES.

DEFENDANT MAKAYLA (SP?) HARRIS IS A CITIZEN OF KANSAS AND IS EMPLOYED AS RILEY COUNTY JAIL LIEUTENANT.
AT THE TIME THE CLAIM(S) ALLEGED IN THIS COMPLAINT AROSE, WAS THIS DEFENDANT ACTING UNDER THE COLOR OF STATE LAW? YES

MAKAYLA HARRIS COMMITTED THE CLAIMS ALLEGED WHEN SHE FORCED PLAINTIFF LAYNE TO DEFEND HIMSELF (PRO SE) AT HIS BENCH TRIAL WHILE SHACKLED THEREBY UNDERMINING HIS ABILITY TO DEFEND HIMSELF AS RETALIATION FOR "LEADING THE CHARGE" OF CIVIL RIGHTS WORK WITHIN THE JAIL.

---

C. CAUSE OF ACTION

(C)(2) CONTINUED...

DEFENDANT HARRIS RECINDED AUTHORIZATION FOR PLAINTIFF LAYNE TO ATTEND HIS BENCH TRIAL AT WHICH HE WAS DEFENDING HIMSELF PRO SE AGAINST ALLEGATIONS WITH A POTENTIAL OF OVER 20 YEARS IN PRISON. THIS ACTION WAS COMMITTED THE DAY OF HIS BENCH TRIAL WITH NO ADVANCE NOTICE OR ABILITY TO GRIEVE/APPEAL THE CHANGE. PRIOR PERMISSION HAD BEEN REQUESTED AND GRANTED 46 DAYS PRIOR TO TRIAL DATE. WITH PLAINTIFF NOT ON DISCIPLINARY THIS IS OBVIOUSLY RETALIATION FOR CIVIL RIGHTS WORK. THESE ACTIONS DEPRIVED LAYNE OF HIS DUE PROCESS OF LAW AGAINST DEPRIVATION OF HIS LIBERTY