IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS QUINN, et al.,

    **Plaintiffs,**

    v.                                      CASE NO. 25-3097-JWL

RILEY COUNTY POLICE
DEPARTMENT, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiffs bring this pro se civil rights action under 42 U.S.C. § 1983. The Plaintiffs are: Thomas Quinn; Daniel Logsdon; Damerius McGee; Travis Layne; James Watkins; and Alonzo Lax, Jr. At the time of filing, all Plaintiffs were in custody at the Riley County Jail in Manhattan, Kansas ("RCJ"). The Court has since received return mail indicating that Plaintiff Alonzo Lax, Jr., is no longer housed at the RCJ and is now incarcerated at the El Dorado Correctional Facility. (Doc. 13.) Pursuant to the Kansas Department of Corrections, Plaintiff James Watkins was also transferred to the El Dorado Correctional Facility.

On June 12, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 12) ("MOSC") granting Plaintiffs until July 11, 2025, to show good cause why the Complaint should not be dismissed for the reasons set forth in the MOSC. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice." (Doc. 11, at 14–15.) None of the Plaintiffs have filed a response to the MOSC by the Court's deadline.

The Court found in the MOSC that that only Plaintiff Layne alleged retaliation. Layne claimed that he was threatened with being separated from the other Plaintiffs if he continued to

provide them with assistance in filing lawsuits.  The Court found that the retaliation claim was subject to dismissal, and cited cases finding that "[a] retaliation claim does not arise . . . when the underlying activity is the plaintiff's legal assistance to other inmates, because a prisoner 'does not have a protected interest in providing legal representation to other inmates.' " (Doc. 12, at 8) (citing *Janny v. Palmer*, 2020 WL 2800784, at *27 (D. Colo. 2020) (citations omitted)).

The Court also found that Plaintiffs' due process claim based on the confiscation of their property failed to state a claim.  *Id*. at 9.  Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy.  Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

The Court also found that Plaintiffs failed to set forth any argument as to why they were denied equal protection, and failed to allege an actual injury to support their claim that their legal mail was confiscated.  The Court noted that to the extent Plaintiff Layne raised a claim regarding an incident that occurred during his state court criminal proceedings, the Court would be prohibited form hearing the claim under *Younger v. Harris*, 401 U.S. 37, 45(1971).   Lastly, the Court held that the Riley County Police Department was not a proper defendant.

Plaintiffs have failed to respond to the Court's MOSC by the Court's deadline and have failed to show good cause why the Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated July 18, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
